SMITH et al. v. TRUSTEES, ETC., OF TOWN OF BROOKHAVEN et al.

(Supreme Court, Appellate Division, Second Department. January 17, 1899.)

1. PARTITION—SALE.
   Where actual partition of land is possible, and on a sale of the property at auction the parties would not stand on an equal footing, as some of them would be unable to bid for the property, a sale will not be ordered.

2. SAME—REFERENCE TO TAKE TESTIMONY.
   Since Code Civ. Proc. § 1560, provides that, if commissioners appointed to partition property report that a partition cannot be made without great prejudice to the owners, the court may modify its order and direct that the property be sold, the court will not, after ordering actual partition, grant a reference to take testimony upon the propriety of such sale.

Appeal from special term.

Action by William E. T. Smith and others against the trustees of the freeholders and commonalty of the town of Brookhaven and an-

other for partition.   From an order refusing to set aside a judgment granting actual partition, and to direct a sale of the property, and a reference to take testimony upon such questions (53 N. Y. Supp. 1075), plaintiffs appeal.   Affirmed.

Argued before GOODRICH, P. J., and CULLEN, HATCH, and WOODWARD, JJ.

A. A. Spear, for appellants.

Walter H. Jaycox, for respondents.

GOODRICH, P. J.   The action is for the partition of land, waters, and lands under the waters of the Great South Bay, the islands therein, and the water, hunting, hawking, fowling, and fishing rights therein, such premises being situate in the town of Brookhaven, and bounded westerly by a north and south line drawn through the east end of Pattersquash Island, southerly by the Great South Beach, easterly by the Southampton town line, and northerly by high-water mark on the north side of the Great South Bay.   Each of the four plaintiffs is seised in fee simple of one undivided eighth part of the property in question.   The defendant trustees are seised in fee simple of the other half, and the defendant Lydia S. Floyd claimed some interest in the property.   At the trial of the action it was conceded "that the actual partition will be desired by both parties if it become necessary, and if this action will lie."   The court found, among other thing, that "all parties interested in the said premises and rights ask for actual partition."   As conclusion of law the court found that "judgment should be granted for actual partition, and the shares of the several plaintiffs should be set off to them without partition as between themselves."   This decision was rendered in November, 1895.   It appeared by the moving affidavits that immediately after the rendering of the decision negotiations ensued between the plaintiffs and the trustees for the purchase of the plaintiffs' interests by the town, which resulted in a written agreement for such purchase, subject to the ratification of the agreement at the annual town meeting in March, 1896.   At such town meeting the question of ratification was submitted and rejected.   A similar submission was made to the town meeting of March, 1898, and likewise rejected.   In October, 1898, a motion was made on behalf of the plaintiffs for an order modifying the decision, and directing a sale of the property, or a reference to take testimony upon the propriety of such sale.   The special term denied the motion, and from the order entered thereon the plaintiffs appeal.

It is unnecessary, in our view, to consider any question except the propriety of actual partition of the premises.   We start with the proposition that at the time of the trial of the action it was conceded by them that actual partition would be desired by the parties if it were necessary, and the action would lie.   This necessity is confirmed by a consideration of the character of the property.   It consists of several thousands of acres of lands under the waters of the easterly end of the Great South Bay, which is laid down upon the government charts as Moriches Bay.   In the bay are several small islands.   We see no difficulty in an actual partition of the

property. It can be divided in any direction into two equal parts, or, if the values of different sections of the bay are unequal, it can be divided into more than two parts, so that an equitable partition is comparatively easy. In Chittenden v. Gates, 18 App. Div. 169, 45 N. Y. Supp. 768, we affirmed a judgment directing an actual partition of a long, narrow beach or tongue of sand lying between the ocean and Jamaica Bay, on the ground that it was difficult to see how any property was more susceptible of division than property of this character. The reasoning of that opinion applies with equal force to the premises in question. Besides, section 1560 of the Code of Civil Procedure provides that, if the commissioners appointed by the court to partition property report that the same, or some part thereof, is so circumstanced that a partition cannot be made without great prejudice to the owners, the court may modify the interlocutory judgment, and direct that the property, or any portion thereof, be sold. The actual inspection of the premises by such commissioners will afford a better means of deciding the propriety of partition than any testimony, expert or otherwise, which could be produced before them, if the decree in this case were modified as the appellants desire. In addition to this, if the premises were sold at auction, the parties would not stand on equal footing. There is nothing to prevent the plaintiffs from purchasing the property at the sale. There may be considerable doubt whether the defendant trustees are either legally or financially able to make a bid for and purchase the property, and thus protect their interests. It seems to us, therefore, that for either of the reasons stated the order of the special term was correct, and should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur, except BARTLETT, J., not sitting.